# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 31, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MICHELE MEADOWS, | * | |
| | * | |
| Petitioner, | * | No. 16-861V |
| | * | Special Master Sanders |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On July 21, 2016, Michele Meadows ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine she received on October 3, 2014, caused her to develop Guillain-Barré Syndrome ("GBS"). *See* Stip. at 1, ECF No. 57. Petitioner further alleged that she experienced residual effects of those injuries for more than six months. *Id.*

On July 30, 2018, the parties filed a stipulation for award of compensation, which the undersigned adopted as her Decision Awarding Damages on the same day. (ECF No. 58). On September 11, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 63

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $61,453.85. Fees App at 2. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. *Id.* Respondent reacted to the motion on September 14, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 64). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.   Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   **a.   Hourly Rates**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:

Petitioner requests the following rates of compensation for her attorneys: for Mr. Maximillian Muller, $255.00 per hour for work performed in 2015, $275.00 per hour for work performed in 2016, $300.00 per hour for work performed in 2017, and $317.00 per hour for work performed in 2018; and for Ms. Amy Senerth, $225.00 per hour for work performed in 2017. Fees App. at 1. Petitioner also requests rates for paralegals ranging from $125.00 per hour to $150.00 per hour based on year and the paralegal performing the work. *Id.*

The rates requested for all attorneys and paralegals are consistent with what counsel has requested and been awarded in previous Vaccine Program cases by the undersigned and other Special Masters. *Curry v. Sec'y of Health & Human Servs.*, No. 16-68V, 2018 WL 3991228, at *1 (Fed. Cl. Spec. Mstr. Jul. 10, 2018); *Lee v. Sec'y of Health & Human Servs.*, No. 15-823V, 2018 WL 4403970, at *1 (Fed. Cl. Spec. Mstr. Aug. 22, 2018). Accordingly, no adjustment to the requested rates is necessary.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The requested hours require some adjustments. Mr. Muller's billed time is largely reasonable, with one exception. On January 28, 2016, the billing records indicate that Mr. Muller billed 0.4 hours to "Open client file." Fees App. Ex. A at 5. It is unclear from this entry what work was being performed here, especially considering that Mr. Muller has separate entries on the same day billing for review of client forms and preparing a file memorandum. *Id.* Because this task appears unnecessary, the undersigned shall disallow it, resulting in a reduction of **$110.00**.

Of greater concern is the time billed by the paralegals assigned to this case. With the lone exception of an entry on July 21, 2016, to "Prepare COFC cover sheet," it appears that the paralegals have billed 0.2 hours as the minimum time to complete any task. *See* Fees App. Ex. A at 5-10. It is well-established that billing in minimum increments greater than 0.1 hours is not permissible in the Vaccine Program. *See McMurty v. Sec'y of Health & Human Servs.*, No. 15-405V, 2018 WL 5276700, at *3 (Fed. Cl. Spec. Mstr. Sept. 26, 2018) (finding 0.2 hours to be an unreasonable minimum billing time); *Yang v. Sec'y of Health & Human Servs.*, No. 10-33V, 2013 WL 4875120, at *5 (Fed. Cl. Spec. Mstr. Aug. 22, 2013). For example, the paralegals routinely billed a minimum of 0.2 hours (and up to 0.5 hours) to file documents via CMECF, a task which routinely is billed for 0.1 hours, if at all. Similarly, all correspondence, whether via phone call or

---

http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

e-mail, was also billed at a minimum of 0.2 hours. It is unlikely that it took the paralegals a minimum of twelve minutes to draft every e-mail for which they have billed.

Additionally, paralegals have several billing entries for preparing exhibits for filing.[4] It is well established that work such as preparing exhibits for filing, calendaring events, and mailing documents is considered secretarial/clerical work and is not compensable in the Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

For all these reasons, the undersigned finds it necessary to reduce the total amount of paralegal hours billed by 30%. The billing records indicate that the total amount billed by paralegals is $3,977.50. Fees App. at 1. This results in a total reduction of **$1,193.25.**

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $20,134.35 in attorneys' costs. The vast majority of this amount is attributable to work performed by Petitioner's expert, Dr. Lawrence Steinman ($11,125.00) and for mediation services performed by former Chief Special Master Gary Golkiewicz. The undersigned shall discuss these costs in turn.

Dr. Steinman billed 22.25 hours in this matter at a rate of $500.00 per hour. Fees App. Ex. B at 38. Fees for experts in the Vaccine Program are subject to the same reasonableness standards as fees for attorneys. *Pelton v. Sec'y of Health & Human Servs.*, No. 14-674V, 2017 WL 3378773, at *6 (Fed. Cl. Spec. Mstr. July 12, 2017) (citing *Baker v. Sec'y of Health & Human Servs.*, No. 99-653, 2005 WL589431, at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005)).

Upon review, the undersigned finds the requested rate for Dr. Steinman to be reasonable and consistent with what he has previously been awarded for his work in the Vaccine Program. *D'Tiole v. Sec'y of Health & Human Servs.*, No. 15-85V, 2017 WL 5379195, at *4 (Fed. Cl. Spec. Mstr. Sep. 19, 2017); *Arshakyan v. Sec'y of Health & Human Servs.*, No. 15-1004V, 2018 WL 5284592, at *2 (Fed. Cl. Spec. Mstr. Sept. 27, 2018); *Daniel v. Sec'y of Health & Human Servs.*, No. 10-745V, 2016 WL 7785955, at *3 (Fed. Cl. Spec. Mstr. Dec. 21, 2016). Additionally, the undersigned finds the amount of time billed by Dr. Steinman to be reasonable given the complexity of the case. Accordingly, I will reimburse Petitioner in full for her expert's work.

I next turn to the cost of mediation services by Former Chief Special Master Golkiewicz, who billed 26.8 hours at a rate of $400.00. Fees App. Ex. B at 39. Additionally, the former Chief Special Master incurred total travel costs of $1,089.07 related to the mediation, resulting in a total bill of $11,809.07, of which half was to be borne by Petitioner. *Id.* Chief Special Master Golkiewicz's rate has previously been found to be reasonable, and shall be awarded in full here. *See Robinson v. Sec'y of Health & Human Servs.*, No. 15-967V, slip op. at 5 (Fed. Cl. Spec. Mstr.

---

[4] Examples of these entries can be found on 7/21/16, 9/13/16, 11/4/16, 7/11/17, 11/30/17, and 2/27/18. Fees App. Ex. A at 6-10. This list is merely illustrative and is not intended to represent all instances of administrative tasks billed.

Sept. 12, 2018). The hours also appear reasonable, and there is no doubt that the former Chief Special Master played a valuable role in this case eventually settling. Thus, this cost shall also be awarded in full.

The remaining balance of costs ($3,104.90) is comprised of medical record costs, travel costs associated with the mediation, and the Court's filing fee. These costs are typical of Vaccine Program litigation, and Petitioner has provided adequate documentation of all requested costs. Accordingly, the undersigned awards Petitioner the full amount of attorneys' costs sought, **$20,134.35**.

## II. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $41,319.50 |
|---|---|
| (Total Reduction from Billing Hours) | - $1,303.25 |
| **Total Attorneys' Fees Awarded** | **$40,016.25** |
| | |
| Attorneys' Costs Requested | $20,134.35 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$20,134.35** |
| | |
| **Total Amount Awarded** | **$60,150.60** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $60,150.60 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Maximillian Muller, of Muller Brazil, LLP, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).